UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER BRYAN TORRES,<br><br>            Plaintiff,<br><br>    -against-<br><br>AMERICAN MUSEUM OF NATURAL HISTORY AND JUAN MONTES, individually,<br><br>           Defendants. | Case No. 17 CV 2825<br><br>**ANSWER** |

Defendants AMERICAN MUSEUM OF NATURAL HISTORY (the "Museum") and JUAN MONTES, by and through their counsel Littler Mendelson, P.C., for their answer to the Complaint and Jury Demand ("Complaint") respond as follows:

## PRELIMINARY STATEMENT

1. Admit the allegations set forth in Paragraph 1 of the Complaint.

2. Deny the allegations set forth in Paragraph 2 of the Complaint.

3. Deny the allegations set forth in Paragraph 3 of the Complaint, except admit that Plaintiff seeks damages as stated in Paragraph 3 of the Complaint, but deny that there exists any factual or legal basis therefor.

4. Deny the allegations set forth in Paragraph 4 of the Complaint, except admit that Plaintiff seeks damages as stated in Paragraph 4 of the Complaint, but deny that there exists any factual or legal basis therefor.

5. Deny the allegations set forth in Paragraph 5 of the Complaint, except admit that Plaintiff seeks damages as stated in Paragraph 5 of the Complaint, but deny that there exists any factual or legal basis therefor.

6. Deny the allegations set forth in Paragraph 6 of the Complaint, except admit that Plaintiff seeks damages as stated in Paragraph 6 of the Complaint, but deny that there exists any factual or legal basis therefor.

7. Deny the allegations set forth in Paragraph 7 of the Complaint, except admit that Plaintiff seeks damages as stated in Paragraph 7 the Complaint, but deny that there exists any factual or legal basis therefor.

8. Deny the allegations set forth in Paragraph 8 of the Complaint, except admit that Plaintiff seeks damages as stated in Paragraph 8 of the Complaint, but deny that there exists any factual or legal basis therefor.

### JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

### TRIAL BY JURY

12. Deny that Plaintiff is entitled to a trial before a jury on some or all of his claims.

### PARTIES

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Admit the allegations set forth in Paragraph 14 of the Complaint.

15. Admit the allegations set forth in Paragraph 15 of the Complaint.

**STATEMENTS OF FACT**

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Deny the allegations set forth in Paragraph 18 of the Complaint.

19. Deny the allegations set forth in Paragraph 19 of the Complaint, except admit that Plaintiff received raises and a title change over the course of his employment.

20. Admit the allegations set forth in Paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22. Deny the allegations set forth in Paragraph 22 of the Complaint, except admit that Plaintiff requested an accommodation in 2012 to be excused from work in the event he had a seizure.

23. Deny the allegations set forth in Paragraph 23 of the Complaint, except admit that the Museum granted Plaintiff an accommodation in 2012 to be excused from work in the event he had a seizure.

24. Deny the allegations set forth in Paragraph 24 of the Complaint.

25. Admit the allegations set forth in Paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Deny the allegations set forth in Paragraph 28 of the Complaint, except admit that Mr. Montes called the Plaintiff because he was concerned about Plaintiff's health.

29. Deny the allegations set forth in Paragraph 29 of the Complaint.

30. Deny the allegations set forth in Paragraph 30 of the Complaint.

31. Deny the allegations set forth in Paragraph 31 of the Complaint, except admit that during a conversation with Mr. Montes, Plaintiff told him that there was no need to contact HR.

32. Deny the allegations set forth in Paragraph 32 of the Complaint.

33. Admit the allegations set forth in Paragraph 33 of the Complaint.

34. Admit the allegations set forth in Paragraph 34 of the Complaint.

35. Deny the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the allegations set forth in Paragraph 36 of the Complaint.

37. Deny the allegations set forth in Paragraph 37 of the Complaint, except admit that Mr. Montes informed Plaintiff that he had contacted HR.

38. Deny the allegations set forth in Paragraph 38 of the Complaint.

39. Deny the allegations set forth in Paragraph 39 of the Complaint, except admit that Plaintiff told Mr. Montes that he was taking care of his health.

40. Deny the allegations set forth in Paragraph 40 of the Complaint.

41. Deny the allegations set forth in Paragraph 41 of the Complaint, except admit that Plaintiff attempted to show Mr. Montes something on his cell phone, but deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding how Plaintiff uses MyChart.

42. Deny the allegations set forth in Paragraph 42 of the Complaint.

43. Deny the allegations set forth in Paragraph 43 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Tarek Ahmed allegedly asked Plaintiff.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46. Deny the allegations set forth in Paragraph 46 of the Complaint, except admit that Plaintiff met with Human Resources to discuss his recent interactions with Mr. Montes.

47. Deny the allegations set forth in Paragraph 47 of the Complaint, except admit that Ms. Harinarayanan informed Plaintiff that Human Resources would follow up with respect to Plaintiff's account of his recent interactions with Mr. Montes.

48. Deny the allegations set forth in Paragraph 48 of the Complaint.

49. Deny the allegations set forth in Paragraph 49 of the Complaint.

50. Deny the allegations set forth in Paragraph 50 of the Complaint.

51. Deny the allegations set forth in Paragraph 51 of the Complaint.

52. Deny the allegations set forth in Paragraph 52 of the Complaint.

53. Deny the allegations set forth in Paragraph 53 of the Complaint.

54. Deny the allegations set forth in Paragraph 54 of the Complaint.

55. Deny the allegations set forth in Paragraph 55 of the Complaint.

56. Deny the allegations set forth in Paragraph 56 of the Complaint.

57. Deny the allegations set forth in Paragraph 57 of the Complaint.

58. Deny the allegations set forth in Paragraph 58 of the Complaint.

59. Deny the allegations set forth in Paragraph 59 of the Complaint.

60. Deny the allegations set forth in Paragraph 60 of the Complaint.

61. Deny the allegations set forth in Paragraph 61 of the Complaint.

62. Deny the allegations set forth in Paragraph 62 of the Complaint, except admit that employees in the Information Technology Department, including Plaintiff, have been allowed to arrive to work late or take time off work for a variety of reasons.

63. Deny the allegations set forth in Paragraph 63 of the Complaint.

64. Deny the allegations set forth in Paragraph 64 of the Complaint.

65. Deny the allegations set forth in Paragraph 65 of the Complaint, except admit that Mr. Montes has not refused to allow employees in the Information Technology Department – including –Plaintiff – to eat lunch.

66. Deny the allegations set forth in Paragraph 66 of the Complaint.

67. Deny the allegations set forth in Paragraph 67 of the Complaint.

68. Deny the allegations set forth in Paragraph 68 of the Complaint.

69. Deny the allegations set forth in Paragraph 69 of the Complaint.

70. Deny the allegations set forth in Paragraph 70 of the Complaint.

71. Deny the allegations set forth in Paragraph 71 of the Complaint.

72. Deny the allegations set forth in Paragraph 72 of the Complaint, except admit that Plaintiff apologized to Mr. Montes, and deny knowledge or information sufficient to form a belief as to the truth of the allegations that (a) Plaintiff was shocked that he made a mistake, (b) was afraid that he was going to be terminated, and (c) directly contacted the travel agency.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, except admit that Mr. Montes communicated with the travel agent regarding travel arrangements for a trip to Rochester that initially involved a flight to Syracuse.

74. Deny the allegations set forth in Paragraph 74 of the Complaint, except admit that Mr. Montes always intended to, and did, travel to Rochester and did not fly through Syracuse.

75. Deny the allegations set forth in Paragraph 75 of the Complaint.

76. Deny the allegations set forth in Paragraph 76 of the Complaint.

77. Deny the allegations set forth in Paragraph 77 of the Complaint.

78. Deny the allegations set forth in Paragraph 78 of the Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint.

81. Deny the allegations set forth in Paragraph 81 of the Complaint.

82. Deny the allegations set forth in Paragraph 82 of the Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint, except deny that Mr. Montes engaged in intimidating behavior or exhibited open dislike of Mr. Torres.

84. Deny the allegations set forth in Paragraph 84 of the Complaint.

85. Deny the allegations set forth in Paragraph 85 of the Complaint, except admit that Mr. Montes told Plaintiff that his brother was gay.

86. Deny the allegations set forth in Paragraph 86 of the Complaint, except admit that Plaintiff told Mr. Montes that he found it difficult to speak about his HIV status and sexual orientation.

87. Deny the allegations set forth in Paragraph 87 of the Complaint.

88. Deny the allegations set forth in Paragraph 88 of the Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint.

91. Deny the allegations set forth in Paragraph 91 of the Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint.

93. Deny the allegations set forth in Paragraph 93 of the Complaint.

94. Deny the allegations set forth in Paragraph 94 of the Complaint.

95. Deny the allegations set forth in Paragraph 95 of the Complaint.

96. Deny the allegations set forth in Paragraph 96 of the Complaint.

97. Deny the allegations set forth in Paragraph 97 of the Complaint.

98. Deny the allegations set forth in Paragraph 98 of the Complaint.

99. Deny the allegations set forth in Paragraph 99 of the Complaint.

100. Deny the allegations set forth in Paragraph 100 of the Complaint.

101. Deny the allegations set forth in Paragraph 101 of the Complaint.

102. Deny the allegations set forth in Paragraph 102 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that

Plaintiff experienced severe anxiety and depression, including suicidal ideation, difficulty sleeping, headaches, gastrointestinal symptoms, loss of appetite, and feelings of shame, hopelessness, and pessimism.

103. Deny the allegations set forth in Paragraph 103 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff had a seizure.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint.

106. Admit the allegations set forth in Paragraph 106 of the Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint, except admit that Plaintiff returned to work in December 2016 and used a cane.

108. Deny the allegations set forth in Paragraph 108 of the Complaint.

109. Deny the allegations set forth in Paragraph 109 of the Complaint, except admit that Plaintiff eventually retained counsel.

110. Admit the allegations set forth in Paragraph 110 of the Complaint.

111. Deny the allegations set forth in Paragraph 111 of the Complaint, except admit that the Museum performed an investigation.

112. Deny the allegations set forth in Paragraph 112 of the Complaint, except admit that Mr. Torres was interviewed.

113. Deny the allegations set forth in Paragraph 113 of the Complaint.

114. Deny the allegations set forth in Paragraph 114 of the Complaint.

115. Deny the allegations set forth in Paragraph 115 of the Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Interference in Violation of the FMLA)**

116. Repeat and reallege each and every response to all Paragraphs of the Complaint as if fully set forth herein.

117. Paragraph 117 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 117 of the Complaint.

118. Deny the allegations set forth in Paragraph 118 of the Complaint.

119. Deny the allegations set forth in Paragraph 119 of the Complaint.

120. Deny the allegations set forth in Paragraph 120 of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Retaliation in Violation of the FMLA)**

121. Repeat and reallege each and every response to all Paragraphs of the Complaint as if fully set forth herein.

122. Paragraph 122 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123. Deny the allegations set forth in Paragraph 123 of the Complaint.

124. Deny the allegations set forth in Paragraph 124 of the Complaint.

125. Deny the allegations set forth in Paragraph 125 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Disability Discrimination In Violation Of NYCHRL)

126. Repeat and reallege each and every response to all Paragraphs of the Complaint as if fully set forth herein.

127. Paragraph 127 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128. Deny the allegations set forth in Paragraph 128 of the Complaint.

129. Deny the allegations set forth in Paragraph 129 of the Complaint.

130. Deny the allegations set forth in Paragraph 130 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Sexual Orientation Discrimination in Violation of the NYCHRL)

131. Repeat and reallege each and every response to all Paragraphs of the Complaint as if fully set forth herein.

132. Paragraph 132 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

133. Deny the allegations set forth in Paragraph 133 of the Complaint.

134. Deny the allegations set forth in Paragraph 134 of the Complaint.

135. Deny the allegations set forth in Paragraph 135 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Provide a Reasonable Accommodation in Violation of the NYCHRL)

136. Repeat and reallege each and every response to all Paragraphs of the Complaint as if fully set forth herein.

137. Paragraph 137 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

138. Deny the allegations set forth in Paragraph 138 of the Complaint.

139. Deny the allegations set forth in Paragraph 139 of the Complaint.

140. Deny the allegations set forth in Paragraph 140 of the Complaint.

### AS AND FOR A SIXTH CAUSE OF ACTION
**(Retaliation in Violation of the NYCHRL)**

141. Repeat and reallege each and every response to all Paragraphs of the Complaint as if fully set forth herein.

142. Paragraph 142 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 142 of the Complaint.

143. Deny the allegations set forth in Paragraph 143 of the Complaint.

144. Deny the allegations set forth in Paragraph 144 of the Complaint.

145. Deny the allegations set forth in Paragraph 145 of the Complaint.

146. Deny the allegations set forth in Paragraph 146 of the Complaint.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress in Violation of the New York State Common Law)**

147. Repeat and reallege each and every response to all Paragraphs of the Complaint as if fully set forth herein.

148. Deny the allegations set forth in Paragraph 148 of the Complaint.

149. Deny the allegations set forth in Paragraph 149 of the Complaint.

150. Deny the allegations set forth in Paragraph 150 of the Complaint.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Unlawful Wage Deductions in Violation of NYLL §193)

151. Repeat and reallege each and every response to all Paragraphs of the Complaint as if fully set forth herein.

152. Paragraph 152 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations set forth in Paragraph 152of the Complaint.

153. Deny the allegations set forth in Paragraph 153 of the Complaint.

154. Deny the allegations set forth in Paragraph 154 of the Complaint.

155. Deny the allegations set forth in Paragraph 155 of the Complaint.

## REQUEST FOR RELIEF

156. Deny that Plaintiff is entitled to any of the relief requested, including the relief requested in subparts (A) through (I).

## DEFENSES

Defendants assert the following defenses and/or affirmative defenses, without assuming any burden of proof it does not have as matter of law:

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted and/or upon which prejudgment interest may be granted.

2. The Complaint, in whole or in part, is barred by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, laches, and/or unclean hands.

4. Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to timely and/or properly exhaust all necessary administrative, procedural, statutory, and/or jurisdictional prerequisites for commencement of this action.

5. Defendant Montes is not a properly named party under the FMLA, New York State Human Rights Law, and/or the New York City Human Rights Law.

6. Plaintiff's claims are barred because the employment actions about which he complains were based on legitimate, non-discriminatory factors, and alternatively, if they were not, then the same actions would have been taken regardless.

7. Plaintiff's claims are barred, in whole or in part, as against Defendant American Museum of Natural History because it was not aware of the alleged discriminatory behavior and/or did not encourage, condone, ratify, acquiesce, or approve the alleged discrimination. To the extent that any employees engaged in any conduct that may be construed as having violated the law, any such actions were outside the scope of their employment, were contrary to policies and directives, and not done in the furtherance of business interests.

8. Plaintiff's claims are barred, in whole or in part, because Defendant American Museum of Natural History established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and or harassing practices by employees.

9. Plaintiff's claims are barred, in whole or in part, because Defendant American Museum of Natural History exercised reasonable care to prevent and promptly correct any discriminatory behavior, and/or Plaintiff unreasonably failed to take advantage of those preventative or corrective opportunities or otherwise avoid harm.

10. Defendant American Museum of Natural History established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices, including harassment, by employees and agents, including but not limited to:

(a) a meaningful and responsive procedure for investigating complaints of discriminatory practices, including harassment, by employees and agents and for taking appropriate action against those persons who are found to have engaged in such practices;

(b) a firm policy against such practices which is effectively communicated to employees and agents;

(c) a program to educate employees and agents about unlawful discriminatory practices, including harassment, under local, state and federal law; and

(d) procedures for the supervision of employees and agents specifically directed at the prevention and detection of such practices.

11. There is no record of prior incidents of discriminatory/retaliatory conduct by some or all of the employee(s) that Plaintiff alleges discriminated/retaliated against him.

12. If Plaintiff suffered any damages, such damages were proximately or legally caused by his misconduct and, accordingly, any award of damage must be reduced, in whole or in part.

13. Plaintiff's claims are barred, in whole or in part, to the extent he failed to exercise reasonable diligence to mitigate damages. Alternatively, if Plaintiff did mitigate damages, Defendants are entitled to an offset against any damages allegedly due to Plaintiff.

14. Plaintiff's claims fail to the extent that after-acquired evidence bars Plaintiff's claims for relief.

15. To the extent Plaintiff is seeking punitive damages, Defendants did not engage in any intentional wrongdoing, nor did they depart from any prescribed or known standard of action, nor did they engage in any willful, wanton, malicious, reckless, or egregious conduct, and, consequently, no sufficient basis exists to support a claim for punitive damages.

16. The Complaint is barred, in whole or in part, by Plaintiff's own conduct, contributory and/or comparative fault.

17. Plaintiff's claims are barred to the extent that he consented to, encouraged, or voluntarily participated in any alleged comments made and/or actions taken.

18. The claims in the Complaint, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's employment, including any claims for recovery of medical costs or expenses allegedly incurred with any of them, are barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

19. Plaintiff is not entitled to punitive damages or attorneys' fees with respect to his New York State Human Rights Law claims.

20. To the extent that Plaintiff claims he suffered any emotional distress, there was no intent to inflict such emotional distress and such distress was not severe or outrageous.

21. The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the NYLL, New York City Human Rights Law, and the New York State Human Rights Law.

22. Plaintiff's claims should be dismissed to the extent that he failed to provide proper notice of his entitlement to protected leave, failed to provide proper medical certification, exhausted his leave, and/or was not entitled to or eligible for leave or other benefits under the FMLA or any other statute and law.

23. Plaintiff is not entitled to liquidated damages under the FMLA because any alleged act or omission of Defendants was in good faith and Defendants had reasonable grounds for believing that the alleged act or omission was not a violation of the Act.

24. Plaintiff's claims for disability discrimination fail, in whole or in part, because he did not have a "disability" within the meaning of the law and/or Defendants did not regard Plaintiff as disabled.

25. Defendants did not treat Plaintiff differently than it treated employees who are not qualified individuals with disabilities with regard to the terms, conditions and privileges of employment.

26. To the extent that Plaintiff is alleging a failure to accommodate his alleged disability, his claim is barred for failure to provide notice regarding such accommodation.

27. Plaintiff's claims are barred to the extent that he could not perform the essential functions of his position, with or without a reasonable accommodation.

28. Plaintiff's claims are barred, in whole or in part, because he failed to engage in an interactive process with Defendants and/or otherwise cooperate in the identification and provision of a reasonable accommodation.

29. Plaintiff's claims should be dismissed to the extent that any and all accommodations allegedly sought by Plaintiff with respect to his alleged disability are unreasonable and/or imposed an undue hardship on Defendants.

30. Defendants' actions were not willful. No act or omission of Defendants which is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the NYLL.

31. Plaintiff's claims are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the NYLL, and had reasonable grounds for believing they were in compliance with the NYLL.  Defendants assert good faith and a lack of willfulness or intent to violate the NYLL as a defense to any claim for liquidated damages.

32. Any failure to pay wages required by the NYLL to Plaintiff is attributable to a bona fide dispute with respect to Plaintiff's entitlement to payment.

33. Defendants reserve the right to assert additional affirmative defenses as established by the facts of this case.

**WHEREFORE,** Defendants demand that the Complaint be dismissed in its entirety and that it be awarded costs and disbursements, including reasonable attorneys' fees, and such other and further relief as to the Court may be just and proper.

Date: June 8, 2017
New York, New York

*s/Christine Hogan*
Christine L. Hogan
Ivie A. Guobadia
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendants*