

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER BRYAN TORRES

        Plaintiffs,

    -against-

THE AMERICAN MUSEUM OF NATURAL
HISTORY and JUAN MONTES, individually

        Defendants.

Case No. 1:17-cv-02825-GBD

**STIPULATED CONFIDENTIALITY, PROTECTIVE AND FRE 502(D) AND (E) CLAWBACK ORDER**

---

    **WHEREAS**, the Parties in the above-captioned matter have agreed that the proceedings may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials.

    **WHEREAS**, the Parties have agreed to produce such documents only on the agreement that such "Confidential Information" will be disclosed only as provided herein, and the purpose of this Stipulation and Protective Order ("Order") is to permit the Parties to discover such information and documents pursuant to procedures designed to protect the confidentiality of that material, and to protect the reasonable expectation of privacy of the Parties and confidential/proprietary matters related to Defendant THE AMERICAN MUSEUM OF NATURAL HISTORY and the corporate defendant's current and former employees.

    **WHEREAS**, the Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information including, without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Party's discovery request or informal production.

    **WHEREAS**, the Parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

    **WHEREAS**, in order to comply with applicable discovery deadlines, a Party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege: (1) was not inadvertent by the Producing Party; (2) that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents; (3) that the Producing Party did not take reasonable or timely steps to

rectify such Disclosure; and/or (4) that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

**WHEREAS**, because the purpose of this Stipulation is to protect and preserve privileged Documents, the Parties agree that they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

Accordingly, the Parties hereby **STIPULATE**, and the Court hereby **ORDERS** that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Federal Rules of Evidence 502(d) and (e), as follows:

1. **Definition of Confidential Information.** Confidential Information, for the purposes of this Order, includes: (a) records that contain individual identifying information, such as driver's license numbers, social security numbers, and home addresses or telephone numbers; references to children or family members of an individual; (b) confidential, proprietary, trade secret, or other business or commercial information as so designated in good faith; and (c) private or confidential personal medical information; and (d) anything else to which the Parties might stipulate and the Court so orders. If a designation of "Confidential" is challenged, the designating Party shall bear the burden of demonstrating the propriety of the designation.

2. **Definition of Discovery Material.** Discovery Material includes all documents or other information produced through formal discovery procedures or information produced to aid in settlement discussions or for purposes of mediation, including without limitation, documents in written or electronic form produced in response to requests for production of documents, documents responsive to deposition notices, subpoenaed documents, answers to interrogatories, responses to requests for admission, and deposition or other oral testimony.

3. **Confidentiality Designation.** All Discovery Material a Party or Nonparty Witness wishes to designate as Confidential as defined above shall be so designated in the following manner:

    (a) In the case of written Discovery Material, by stamping (without obscuring the legibility of the document) the Discovery Material with the word "Confidential" on each page of the document deemed to be Confidential, or upon the disk, tape or other information storage device. In the alternative, if the written Discovery Material to be so designated is substantially voluminous, it may be designated by stamping the first page of each document (for multiple page documents), and designating the documents so designated by Bates Stamp number in writing delivered to all other Parties.

    (b) In the case of deposition testimony, by stating orally on the record that such testimony is Confidential. Alternatively, a Party may send written notice designating, by page and line, the portions of the transcript of the testimony to be treated as "Confidential" within ten days after receipt of the transcript, during which period said testimony shall be treated as so designated.

    (c) A Party's initial failure to designate its own or someone else's Discovery Material as Confidential shall not preclude that Party from so designating it at a later date.

    (d) In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

(e) The Parties shall address with the Court at the final pretrial conference the use of Confidential Information at a hearing or trial or other proceeding.

4. **Restrictions on Access to Confidential Information.** Information designated as "Confidential" may be shown or be accessible to:

(a) Parties and current and former officers, directors and current or former employees of the Parties, solely for purposes of prosecuting or defending the Action;

(b) Counsel of record for the Parties, including attorneys, paralegals, regular and temporary employees, contractors, agents, and support staff of said counsel, as well as experts and consultants and their employees retained by such counsel of record for the purpose of prosecuting or defending the Action;

(c) In-house corporate counsel and other employees of the Parties, solely for purposes of assisting counsel of record in prosecuting or defending the Action, and without divulging such information to any other current or former officers, directors, or employees of the Parties who do not have a need to know such information;

(d) Court, court personnel, any court or reporter or typist used to record or transcribe testimony, and jurors or alternate jurors.

5. **Use and Disclosure of Confidential Information.** The Parties and their counsel shall maintain all Confidential Information in a secure manner so as to avoid disclosure of its contents, including but not limited to taking reasonable data security measures to prevent the unauthorized access of such information by third parties. No person receiving Confidential Information pursuant to this Order shall use it for any purpose other than prosecuting or defending the Action, including any appeals thereof or retrials. Confidential Information shall not be used for any business, commercial or competitive purposes whatsoever. A Party desiring to disclose Confidential Information to persons designated in paragraphs 5 or 6 must inform the people to whom they are disclosing the Confidential Information that the information is Confidential and that they are not to disclose the Confidential Information to anyone else. Prior to disclosure by the Parties or their attorneys of any Confidential Information to any experts, consultants, or other witnesses referred to in paragraphs 5 or 6 of this Order, counsel shall provide such person with a copy of this Order, and that person must agree to be bound by its terms and shall sign a declaration in the form annexed hereto as Exhibit A. In addition, each Party must maintain a list of people who are shown Confidential Information. Nothing in this Order shall prevent disclosure beyond the terms of this Order prior to trial if the designating Party consents in writing to such disclosure, or if the Party seeking such disclosure receives the approval of the Court.

6. **Filing with the Court.** In any submission to the Court containing Confidential Information, the filing Party shall either redact the Confidential Information or file a motion to seal, or take any other steps to seal, such document, memorandum, brief, motion, deposition transcript, or other item containing Confidential Information. The Parties agree, however, not to oppose any motion to Seal filed by the Party from whom the Confidential Information was initially produced.

7. **Objections.** In the event that a Party objects to the designation of certain information as Confidential, counsel for the Parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, the objecting Party may ask the Court to

-3-

resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as Confidential under the terms of this Order.

**8.     Inadvertent Disclosure.** The inadvertent, unintentional or *in camera* disclosure of Confidential Information shall not be deemed a waiver of any claims of confidentiality. If, as a result of inadvertence or other excusable reason, a Party or Nonparty Witness has heretofore produced or disseminated a document or information or hereafter produces a document containing Confidential Information without designating that document as Confidential, the producing Party or Nonparty Witness may retroactively designate the document as Confidential by informing the Party or Parties to whom he, she, or it has produced such document of the identification or number(s) of the document to be designated as Confidential. Such document shall be treated as Confidential pursuant to this Order from and after the date the receiving Party or Parties receive such designation unless otherwise ordered by this Court.

**9.     Modifications.** Nothing in this Order shall prejudice any Party from seeking modification of this Order. Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a "Confidential" designation in connection with any motions or the trial of this Action.

**10.     Return of Confidential Information.** All Confidential Information shall be returned as follows:

(a)     Within thirty (30) days of the conclusion of the litigation, and subject to sub-paragraphs (d) and (e) below, all Confidential Information, including any and all copies, abstracts, summaries, physical medium by which documents or data was transmitted, and readable reports or output from the physical medium by which documents or data was transmitted, shall be returned to the producing Party. In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each Party shall certify to counsel for the opposing Party, in writing, that any and all such Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which documents or data were transmitted, produced by the opposing Party, has been destroyed.

(b)     If Confidential Information is furnished to outside experts or consultants pursuant to paragraph 4, the attorney for the Party using such expert or consultant shall have the responsibility of ensuring that all such Confidential Information including any and all copies, abstracts, summaries, physical medium by which documents or data were transmitted, and readable reports or output from the physical medium by which documents or data were transmitted, is returned to the producing Party or destroyed, and so certifying in writing as provided in sub-part (a) above.

(c)     If Confidential Information has been loaded into any litigation review database, the attorney for the Party using such database shall have the responsibility of ensuring that all such Confidential Information (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

(d)     Counsel of record for the Parties may retain copies of any part of the Confidential Information produced by others that has become part of the official record of this

-4-

litigation as well as abstracts or summaries of materials that reference "Confidential Information" that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Order.

**11. No Prejudice to Other Discovery Objections.** This Order shall not: (a) prejudice in any way the right of a Party to object to the production of documents or information it considers not subject to discovery; (b) prejudice in any way the right of a Party to seek a court determination as to whether particular discovery material should be produced; or (c) prejudice in any way the right of a Party to object to the introduction into evidence of any documents or information it considers inadmissible.

**12. Injunctive Relief in the Event of Improper Disclosure.** It is hereby recognized by all Parties to this Order that the disclosure of Confidential Information in violation of the restrictions provided herein may cause economic injury to one or more other Parties that, depending on the extent of the disclosure and the sensitivity of the information disclosed, is irreparable in nature, difficult or impossible to quantify and for which no adequate remedy exists at law. Therefore, this Order shall be enforceable by injunctive relief.

**13. Protections Against Waiver of Privilege.** Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a) The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

(b) The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

i. the Receiving Party shall: (1) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (2) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (3) specifically identify the Protected Documents by Bates number range or hash value, and, (4) within ten days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

-5-

ii. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d) If, during the course of this litigation, a party determines it has produced a Protected Document:

i. The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

ii. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e) To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f) The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

i. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

ii. the disclosure of the Protected Documents was not inadvertent;

796752 v1
Firmwide:148925122.1 052315.1013

iii. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv. the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g) Either Party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(h) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Receiving Party shall not be required to return or to destroy any Protected Documents to the extent they are: (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes; or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert, provided that to the extent any Protected Documents are not returned or destroyed due to the foregoing reasons, such Protected Documents shall remain subject to the confidentiality provisions of this Order.

(i) Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

(j) Once executed by all Parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

(k) By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

**14. Counterparts.** This Order may be executed in several counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.

**15. Survival.** The terms of this Order shall survive and remain in full force and effect after the termination of this lawsuit.

796752 v1
Firmwide:148925122.1 052315.1013

16. **Modification By Court.** This Order shall be subject to modification by a Federal District Judge or Federal Magistrate Judge at any time.

17. **Order.** Once executed by all Parties, this Stipulated Protective Order of Confidentiality shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

Dated: August 1, 2017

**SO STIPULATED:**

| By: _____ | By: _____ |
|---|---|
| THE HARMAN FIRM, LLP | LITTLER MENDELSON |
| Walker G. Harman, Jr. | Christine Hogan |
| Edgar M. Rivera | Ivie A. Guobadia |
| 220 Fifth Avenue, Suite 900 | 900 Third Avenue |
| New York, NY 10001 | New York, NY 10022.3298 |
| (212) 425-2600 | (212) 583-9600 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

SO ORDERED this _____ day of _____ AUG 03 2017

_____
United States District Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER BRYAN TORRES,

    Plaintiffs,

  -against-      Case No. 1:17-cv-02825-GBD

THE AMERICAN MUSEUM OF NATURAL
HISTORY and JUAN MONTES, individually,

**STIPULATED CONFIDENTIALITY,
PROTECTIVE AND FRE 502(D) AND
(E) CLAWBACK ORDER**

    Defendants.

---

  It has been explained to me by _____ (Attorney) that I am being shown materials that are subject to a confidentiality order in the case captioned above. I have reviewed the confidentiality order entered by the Court on _____, 2017. The attorney listed above has advised me that I am not permitted to make disclosure of such material to any other person or entity and that if I do so, I may be subject to court-imposed sanctions.

Dated:_____

Signed:_____

Name: _____