**THE HARMAN FIRM, LLP**
**Attorneys & Counselors At Law**
www.theharmanfirm.com

September 28, 2017

**VIA ECF**

Hon. George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Torres v. The American Museum of Natural History*, **17 CV 2825**

Dear Judge Daniels:

      We represent Plaintiff Peter Bryan Torres in the above-referenced action. We write in response to Defendants' September 25, 2017 letter.

      Section 9(a) of the Procedures of the Mediation Program for the United States District Court for the Southern District of New York clearly states: "Each party must attend mediation." Defendant Juan Montes is a party; therefore, his failure to appear constitutes a default.

      The exception contained in Section 9(a) for when a party "becomes unavailable" is inapplicable. On the eve of the mediation, Defendants' counsel, for the first time—and after ignoring several emails from Plaintiff's counsel inquiring about who would attend the mediation and Plaintiff's insisting that Defendant Montes appear—informed Plaintiff's counsel that Defendant Montes refused to appear for the Mediation. Plaintiff objected to Defendant Montes's recalcitrance and demanded that Defendants' counsel produce him. Plaintiff's counsel believed, just as the Procedures of the Mediation Program contemplates, that Defendant Montes's attendance would be "critical to the effectiveness of the mediation process as it enables parties to articulate their positions and interests, to hear firsthand the positions and interests of the other parties, and to participate in discussions with the mediator both in joint session and individually." Defendants' counsel represented that they would speak with Defendant Montes, but only confirmed at 8:04 p.m. the night before the mediation that he would not appear. Defendant Montes did not "become unavailable"; rather, he either refused to attend or his counsel refused to produce him. Ultimately, the mediation failed, in part, we suspect, due to Defendant Montes's nonappearance.

      Second, no Civil Case Management Plan and Scheduling Order has been entered in this case. Although one was filed on July 5, 2017 (Docket No. 19), the Court has not approved it, and, respectfully, the Court should not do so now. The filed Civil Case Management Plan and Scheduling Order requires the completion of discovery on December 13, 2017. This deadline, however, is impossible, given that Defendants requested that the parties delay discovery in anticipation of the—now failed—mediation. The parties will not realistically be able to serve discovery requests, respond to them, serve third-party subpoenas, resolve any disputes, take

220 Fifth Avenue, Suite 900
New York, New York 10001
T 212.425.2600 F 212.202.3926

depositions, and complete expert discovery by December 13, 2017. Defendants' counsel's statements to the contrary miss the point. The parties must submit a new proposed Civil Case Management Plan and Scheduling Order so that this case can be expeditiously made trial-ready.

Thank you for Your Honor's time and attention to this matter.

Respectfully submitted,

Walker G. Harman, Jr.

cc: All Counsel of Record (via ECF)