```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

PETER BRYAN TORRES,                 :

                    Plaintiff,      :
                                        17 Civ. 2825 (GBD)(HBP)
    -against-                       :
                                        SCHEDULING
THE AMERICAN MUSEUM OF NATURAL      :   ORDER
HISTORY and JUAN MONTES,
individually,                       :

                    Defendants.     :

-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/17

PITMAN, United States Magistrate Judge:

An initial pretrial conference having been held on October 17, 2017, with the consent of counsel, it is hereby ORDERED that:

    1. All fact discovery in this matter shall be completed no later than February 28, 2018.

    2. If plaintiff intends to rely on an expert witness, plaintiff shall make all required expert disclosures no later than February 28, 2018.

    3. If defendants intend to rely on an expert witness, defendants shall make all required expert disclosures no later that March 30, 2018

4.  All expert depositions shall be concluded no later than, April 30, 2018.

5.  **_NOTA BENE:_  Counsel are strongly advised to review the current version of the Federal Rules of Civil Procedure.  The provisions of the Federal Rules of Civil Procedure concerning discovery were materially amended in 2015; "boilerplate" document requests and vague, "boilerplate" objections are not acceptable and will be stricken.**  Counsel's attention is specifically called to the following provisions of the Federal Rules of Civil Procedure concerning discovery:

> Rule 26(b)(1): **Scope in General.**  Unless otherwise limited by court order, the scope of discovery is as follows: **Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> Rule 26(g): **Signing Disclosures and Discovery Requests, Responses, and Objections.**
>
> > (1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one

2

attorney of record in the attorney's own name -- or by the party personally, if unrepresented -- and must state the signer's address, e-mail address, and telephone number. **By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:**

> **(A) with respect to a disclosure, it is complete and correct as of the time it is made; and**
>
> **(B) with respect to a discovery request, response, or objection, it is:**
>
>> **(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;**
>>
>> **(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and**
>>
>> **(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.**

(2) **Failure to Sign.** Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

3

>  (3) **Sanction for Improper Certification.**  If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.
>
> Rule 34 (b)(2)(B) **[Responses to Requests for Production]**:
>
>  (B) **Responding to Each Item.  For each item or category, the response must either state that inspection and related activities will be permitted as requested or *state with specificity the grounds for objecting to the request, including the reasons*.**  The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection.  The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

 6. If they have not already done so, counsel are directed promptly to have a viva voce conversation concerning any potential discovery issues with respect to electronically stored information ("ESI").  An exchange of emails, faxes, text messages or letters is not sufficient; **counsel must talk to each other.**  The conversation must include at least the following topics:  sources of relevant ESI, steps taken to preserve ESI, search and review procedures, relevant

4

custodians, form of production, limitations on production, costs of production and cost savings opportunities. Any unresolved issues with respect to ESI should be promptly raised with the undersigned.

7. The production of privileged or work-product protected documents, ESI or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection allowed by Fed.R.Evid. 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8. The parties shall report for a settlement conference on May 7, 2018 at 10:00 a.m. in Courtroom 18A, United States Courthouse, 500 Pearl Street, New York, New York 10007. A copy of my procedures for settlement conferences is annexed hereto.

9. Dispositive motions, if any, shall be made no later than May 31, 2018.

10. The Pretrial Order, in the form required by Judge Daniels' rules, along with all other pretrial submissions required by Judge Daniels, shall be filed on June 29, 2018, or thirty days after the final decision on any dispositive motion (if the pretrial order is still necessary after such decision), whichever date is later. Plaintiff shall serve a draft of their portion of the Pretrial Order on counsel for defendant no later than fifteen days prior to the Pretrial Order's due date. For the convenience of all parties, a copy of Judge Daniels' rules is available on the Court's website: www.nysd.uscourts.gov.

Dated: New York, New York
October 18, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record

6

```
                                        ANTHONY CANCELLARICH
                                        COURTROOM DEPUTY
                                        (212) 805-6112
```

**Procedures Applicable to Cases Referred for Settlement to Magistrate Judge Henry Pitman**

1. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2. I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator.

3. No later than the Friday before the initial settlement conference, counsel for each party should submit a letter, <u>no longer than five pages</u>, clearly marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, succinctly stating (1) the history of settlement negotiations; (2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be faxed to 212-805-6111.

4. At the initial settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a <u>brief</u> presentation (usually 10 minutes) summarizing (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5. Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and

7

litigation expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears pro se, separate meetings are not ordinarily held.

6. The presence in person of parties, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the initial conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. Where liability insurance is involved, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8. Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a joint letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9. Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10. If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on written request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.