# THE HARMAN FIRM, LLP
Attorneys & Counselors At Law
www.theharmanfirm.com

Walker G. Harman, Jr.
220 Fifth Avenue, Suite 900
New York, New York 10001
T: 212.425.2600 F: 212.202.3926
E: wharman@theharmanfirm.com

January 31, 2018

**VIA ECF**

Hon. Henry B. Pitman
U.S. Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: *Torres v. The American Museum of Natural History, et al.*, **17 CV 2825**

Dear Judge Pitman:

We represent Plaintiff Peter Bryan Torres in the above-referenced litigation against Defendants The American Museum of Natural History (the "Museum") and Juan Montes. We write to raise the following discovery disputes with the Court.

## I.   Meet and Confer Obligation

In letters sent on December 14, 2017, and December 27, 2018, Plaintiff's counsel raised the disputes raised in this letter with Defendants. After Plaintiff's counsel's December 14, 2017 letter, Defendants' counsel stated that they both were not available until after the new year. Defendants' counsel responded to Plaintiff's counsel's letters in a letter sent on January 12, 2018. The parties met and conferred on January 19, 2018, but could not review Defendants' deficiencies due to time constraints on Defendants' counsel's availability. The parties scheduled to finish their meet and confer on January 22, 2018, but Defendants' counsel cancelled that meeting, stating that they would provide us with another time to finish. Another week passed, and we did not hear from Defendants' counsel. Yesterday, we were advised that counsel was very busy this week, as well, but might have time next Wednesday afternoon. However, I cannot meet next Wednesday, and Defendants' counsel have provided no alternative times. Defendants are already refusing to schedule any depositions. As discovery closes on February 28, 2018, and the parties still have ongoing disputes, Plaintiff raises them with the Court now.

## II.   Deficiencies Related to Interrogatory Responses

   A. *Defendants failed to identify individuals as required by Local Civil Rule 26.3.*

Defendants identified Francis Lees, Juan Montes, Michael Benedetto, Daniel Scheiner, Kala Harinarayanan, LaToya Young, Laura Kirschstein, Esq., and Rafi Ginsburg as individuals with information relevant to this action, but failed to provide each individual's telephone number, present or last known address, or present or last known place of employment or otherwise

provide a method by which Plaintiff's counsel could contact these individuals. L. Civ. R. 26.3(c)(3); Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery that is relevant to any party's claim or defense [...] including [...] the identity and location of persons who know of any discoverable matter."). Defendants have not done so here, as Defendants have only provided each individual's full name.

New York courts encourage "off-the-record private efforts to learn and assemble, rather than perpetuate, information." *Niesig v. Team I*, 76 N.Y.2d 363, 372 (N.Y. 1990). Names and contact information allow plaintiffs to contact potential witnesses and develop anecdotal evidence of alleged discrimination. *See Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 565–66 (S.D.N.Y. 2013) (recognizing the importance of contacting potential witnesses). Foreclosing direct, informal interviews of Defendants' employees unnecessarily sacrifices the "long-recognized potential value of such sessions," especially where, as here, costly formal depositions would prevent Mr. Torres, a litigant with limited resources, from fully investigating his claims. *Rivera v. Lutheran Med. Ctr.*, 866 N.Y.S.2d 520 (Sup. Ct. Kings Cnty., Oct. 16, 2008) (citing *Niesig*, 76 N.Y.2d at 372).

During the parties' meet and confer, Defendants responded that all identified individuals except Ms. Kirschstein and Mr. Ginsburg are supervisory employees of the Museum within the meaning of Rules 4.1 and 4.2 of the New York Rules of Professional Conduct. Plaintiff is entitled to explore the testimony of Ms. Kirschstein and Mr. Ginsburg outside of Defendants' presence and without incurring the expense of formal depositions, to the extent that those individuals agree to speak with Plaintiff's counsel. Defendants, therefore, must provide contact information for these individuals.

    B.   *Interrogatory Responses Nos. 7 and 8*

Plaintiff's Interrogatory No. 7 states: "Identify all individuals with knowledge of, and documents concerning, the manner in which Defendants paid Plaintiff for work performed for the Museum." Plaintiff's Interrogatory No. 8 states: "Identify all individuals who reviewed or approved Plaintiff's compensation." Defendants objected to these interrogatories on the grounds that it is overly broad to request that Defendants identify "all" individuals "with knowledge of, and documents concerning," payment to Mr. Torres. Defendants further object to these interrogatories as vague and ambiguous in their use of the terms "the manner in which Defendants paid Plaintiff" and "reviewed or approved Plaintiff's compensation," and to the extent that they seek information irrelevant to the subject matter of the action.

To clarify, these interrogatories seek the identity of anyone who determines, or who determined, the information contained in Mr. Torres's paystubs. Plaintiff's Eighth Cause of Action alleges that Defendants penalized Mr. Torres by making illegal deductions (whether visible on his paystubs or not) from his wages. The identification of the individuals who made and reviewed Mr. Torres's paystubs could shed light on how the information in each of Mr. Torres's paystubs was determined during the relevant period (April 2015 to the present). If there are so many responsive individuals that their identification would be "overly broad," Defendants must identify at least one responsive individual, so that Plaintiff's counsel knows whom to notice for a deposition.

    C. *Interrogatory Response No. 25*

Plaintiff's Interrogatory No. 25 states: "Identify all individuals who, in any manner, participated in the answering of Plaintiff's First Set of Interrogatories and which interrogatories they answered. This request includes the names of counsel, any employees or agents of Defendants, and any third parties." Defendants object to this interrogatory on the grounds that it is overly broad to request that Defendants identify "all individuals who, in any manner, participated in the answering of Plaintiff's First Set of Interrogatories and which interrogatories they answered." Defendants also object to this interrogatory as compound and to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege(s).

Contrary to Defendants' objections, this interrogatory is not overly broad and does not seek attorney-client–privileged communications or attorney work product. To be clear, Plaintiff demands only the identification of those individuals who participated in answering Plaintiff's First Set of Interrogatories—i.e., who provided information that became part of an interrogatory answer—and which interrogatories those individuals answered. Based on our correspondence with the Museum both before and during the litigation, the Museum's not having involved additional employees—including, but not limited to, Daniel Scheiner, its Vice President of Human Resources, and in-house counsel—in answering Plaintiff's interrogatories belies the Museum's regular policy and practice.[1]

Matter is only privileged from discovery if it would be privileged at trial under the applicable rules of evidence. *U.S. v. Reynolds*, 345 U.S. 1 (1953). Identification of individuals is not privileged under the attorney-client privilege, which protects only "communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *Montesa v. Schwartz*, No. 12 Civ. 6057 (CS) (JCM), 2016 WL 3476431, at *4 (S.D.N.Y. June 20, 2016) (citing *U.S. v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011)). Indeed, Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires litigants to identify witnesses and provide their contact information, as do the Local Rules of the Southern District of New York, which require the identification of persons with relevant information to include contact information. L. C<small>IV</small>. R. 26.3(c)(3). A witness cannot assert attorney-client privilege for the purpose of avoiding the requested identification of those persons with whom a lawyer had conversations and who are potential witnesses. *Bohack Corp. v. Iowa Beef Processors, Inc.*, 31 Fed. R. Serv. 2d 1205 (E.D.N.Y. 1981).

With respect to non-lawyers, each interrogatory must be answered under oath, and the person who makes the answers must sign them. F<small>ED</small>. R. C<small>IV</small>. P. 33(b). Defendants must identify each individual who answered each interrogatory on behalf of the Museum (if there were other individuals besides Ms. Harinarayanan who provided information that became part of an answer) and produce verifications for those individuals, and Mr. Montes must respond to the interrogatories himself and produce a verification. While Mr. Montes has provided a

---

[1] The same is true of several other interrogatory responses, which seemingly contain incomplete information. For example, Plaintiff's Interrogatories Nos. 12 and 13 request the identification of every person involved in investigations concerning Mr. Torres's complaints about discrimination, in response to which Defendants identified only two human resources executives and two third-party investigators. Defendants failed to include, for example, any individuals whom these employees and investigators interviewed.

verification, Defendants' interrogatory responses do not state which, if any, of the interrogatories he answered. With respect to lawyers, Defendants must identify any lawyers who participated in answering the interrogatories, including lawyers from Littler Mendelson, P.C.

Plaintiff only seeks the identification of individuals, not the content of communications. Defendants must identify these individuals.

### III.     Deficiencies Related to Document Request Responses

    A.  *Document Request Response No. 3*

Plaintiff's Document Request No. 3 requests "Defendant Juan Montes's complete personnel file." Defendants—without specific reference to the Rule 26 factors—object to this Document Request on the grounds that it is not proportional to the needs of this case because it is overly broad in time and scope, seeks information irrelevant to the subject matter of the action, and is vague and ambiguous in its use of the term "complete personnel file."

"Personnel file" is defined in Plaintiff's First Requests for the Production of Documents as "all performance evaluations or reviews, write-ups, reprimands, bonus determinations, praises, résumés, applications for positions and promotions, performance improvement plans, notes, correspondence, memoranda, reports, or any other similar document." Regardless of the 2015 Amendments to Federal Rules of Civil Procedures, the scope of discovery is not restricted to admissible evidence. FED. R. CIV. P. 26(b) ("[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable."); *Lozada v. Cty. of Nassau*, No. 02 Civ. 1663 JSAYS, 2017 WL 6514675, at *4 (E.D.N.Y. Dec. 20, 2017) ("the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'"). Contrary to Defendants' objection, Defendants do not have the exclusive privilege to decide which of these documents are relevant; the Court does. *U.S. v. Torniero*, 735 F.2d 725, 730 (2d Cir. 1984). Further, requesting Mr. Montes's personnel file is not overly broad in time, as Mr. Montes has only been an employee of the Museum since April 2015.

At the January 22 meet and confer, Defendants could not tell us whether the file was maintained in hard copy or electronic form, which indicated that counsel has not even reviewed the actual file. As such, Defendants must produce all responsive documents to this request, namely, Mr. Montes's complete personnel file.

    B.  *Defendants must identify and produce any documents provided to a third-party investigator.*

Plaintiff's Document Request No. 21 requests "[a]ll documents concerning Defendants' investigation of the complaint made by Plaintiff on or about March 9, 2017." Defendants, without reference to the factors, object to this Document Request on the grounds that it is overly broad and unduly burdensome to produce "all" documents "concerning" investigation and that the term "complaint" is vague and overly broad as the only "complaints" that are relevant to this Action are ones involving allegations set forth in Plaintiff's Complaint. Defendants also object to this Document Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any

other applicable privilege(s).

It is not true that the "only 'complaints' that are relevant to this Action are ones involving allegations set forth in Plaintiff's complaint," as there is no rule or authority that limits discovery to allegations in a complaint. The documents sought are relevant, as the adequacy of Defendants' investigations is at issue in this action and Defendants' affirmative defenses place Defendants' investigations at issue: that any actions taken by an employee that may have violated the law were contrary to the Museum's policies and directives (Seventh Affirmative Defense); that the Museum established policies for the prevention and detection of unlawful practices (Eighth Affirmative Defense); that the Museum exercised reasonable care to prevent and correct discriminatory behavior (Ninth Affirmative Defense); that the Museum has established and complied with polices for the prevention and detection of discriminatory behavior (Tenth Affirmative Defense); that Defendants did not engage in any intentional wrongdoing (Fifteenth Affirmative Defense); that Defendants' acts or omissions were in good faith and Defendants had reasonable grounds for believing that the alleged act or omission was not a violation of the law (Twenty-Third Affirmative Defense); that Defendants' actions were not willful (Thirtieth Affirmative Defense); and that Defendants at all times acted in good faith to comply with the law (Thirty-First Affirmative Defense).

Regarding attorney-client privilege, "by asserting the adequacy of its investigation as a defense to Plaintiff's allegations, Defendant has implicitly waived the attorney-client privilege by placing the investigation 'in issue.'" *Brownell v. Roadway Package Sys., Inc.*, 185 F.R.D. 19, 25 (N.D.N.Y. 1999); *see also Fullerton v. Prudential Ins. Co.*, 194 F.R.D. 100, 103 (S.D.N.Y. 2000) (holding that attorney-client privilege was waived when employer produced otherwise privileged documents concerning its investigation of employee's retaliation claims).

To resolve the issue, Plaintiff limits this request to the identification and production of all documents that Defendants provided to T&M as part of their investigation of Plaintiff and his claims.

## IV. Custodians, Search Terms and Date Ranges

The parties have met and conferred and agreed to the following search terms, subject to Defendants' below objections:

| Custodian | Search Terms | Date Range |
|---|---|---|
| Daniel Scheiner<br>• Work email<br><br>Juan Montes<br>• Work email<br><br>Kala Harinarayanan<br>• Work email | • FMLA AND (Peter OR Bryan OR Torres)<br>• ADA AND (Peter OR Bryan OR Torres)<br>• (disabil!) AND (Peter OR Bryan OR Torres)<br>• sick AND (Peter OR Bryan OR Torres)<br>• "sick time" AND (Peter OR | April 1, 2010, to present |

| | | |
|---|---|---|
| LaToya Young<br>• Work email<br><br>Michael Benedetto<br>• Work email<br><br>Peter Bryan Torres<br>• Work email | Bryan OR Torres)<br>• epilepsy AND (Peter OR Bryan OR Torres)<br>• narcolepsy AND (Peter OR Bryan OR Torres)<br>• (HIV OR AIDS) AND (Peter OR Bryan OR Torres)<br>• (harass! OR discrim!) AND (Juan OR Montes)<br>• (harass! OR discrim!) AND (Peter OR Bryan OR Torres)<br>• (gay OR homosexual) AND (Peter OR Bryan OR Torres)<br>• hospital AND (Peter OR Bryan OR Torres)<br>• ("doctors' appointment" OR "doctor's appointment" OR "doctors appointment" OR "doctor appointment") AND (Peter OR Bryan OR Torres)<br>• ("Benedetto" OR "Mike" OR "Michael") AND ("Boy Scout")<br>• ("Juan" OR "Montes") AND Syracuse OR Rochester)<br>• (Syracuse OR Rochester) AND ("travel agency")<br>• homophob!<br>• (Orlando OR Florida OR Pulse) AND (Peter OR Bryan OR Torres)<br>• cane AND (Peter OR Bryan OR Torres)<br>• knee AND (Peter OR Bryan OR Torres) | |
| Juan Montes<br>• Personal emails<br>• Text message services on any cellphone (work or personal)[2] | • (AIDS OR HIV)<br>• (gay OR homo! OR fag! OR queer)<br>• Pulse<br>• David<br>• Bryan | April 1, 2010, to present |

---

[2] Text message services include SMS messages (i.e., text messages) and application-based messages (e.g., messages sent on platforms such as iMessage, WhatsApp, and Snapchat).

|  | <ul><li>Torres</li><li>FMLA</li><li>ADA</li><li>(disability OR disabled)</li></ul> |  |
|---|---|---|

A. *Defendants must use the search terms "(Peter OR Bryan)."*

Defendants object to the search terms "(Peter OR Bryan)" on the grounds that there are multiple employees at the Museum with the names "Peter" or "Bryan" and, therefore, a search for these names may result in many "false positives," is unduly burdensome and overbroad, and seeks the disclosure of information that is irrelevant or not proportional to the claims and defenses of the instant litigation. Upon a showing that using search terms with these connectors actually results in numerous "false positives," Plaintiff's counsel is willing to work with Defendants' counsel in drafting a narrower search. But without Defendants first providing this necessary foundation, there is no reason to believe that these search terms will actually result in "false positives." Indeed, it is reasonable to believe that the Museum's employees referred to each other by their first names, not just their last names. Therefore, Defendants must conduct searches using first names.

B. *Defendants must use the search terms "hospital," "cane," "homophob!" and "knee."*

Defendants object to the search terms "hospital," "cane," "homophob!" and "knee" on the grounds that these terms are not reasonably related to any document request. Defendants, however, are mistaken, as this case is about disability and sexual orientation discrimination. Additionally, in the Complaint, Mr. Torres alleges that Mr. Montes made derogatory comments about his knee injury, from which a reasonable finder of fact could infer that Mr. Montes harbored an animus based on Plaintiff's other disabilities, namely, HIV, AIDS, and narcolepsy.

C. *Defendants must conduct a search of Mr. Montes's personal email or text messages.*

Defendants object to a search of Mr. Montes's personal email or text messages on the grounds that Mr. Montes represents that he does not use his personal email to perform work-related tasks and that he does not have any texts from Mr. Torres. Defendants' objection misses the point: Mr. Montes must search his personal devices not just because he may have communicated about facts in this lawsuit, but because there is a reason to believe that he may have made communications that evidence anti-disability or anti-gay bias. "And of course, pretrial discovery is a fishing expedition and one can't know what one has caught until one fishes. But FED. R. CIV. P. 45(c) allows the fish to object, and when they do so the fisherman has to come up with more than the government has been able to do in this case despite the excellence of its lawyers." *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir.2004). "When the fish is identified, and the question is whether it is in the pond, we know no reason to deny a plaintiff the customary license." *Surpitski v. Hughes-Keeman Corporation*, 362 F.2d 254, 255–56 (1st Cir.1966). The evolution of Rules 26–37 of the Federal Rules of Civil Procedure, of which the 1970 amendments were a part, has made the cry of "fishing expedition" less and less appropriate. It is no longer impermissible to fish, but one must know what he or

she is fishing for ("reasonably designed…"), that the bait is legal (relevancy), that the fishing is in season (timely) and that you simply must not catch the little ones (irrelevancies). *Ritzel Commc'ns, Inc. v. Mid-Am. Cellular Tel. Co.*, No. 90-0929-CV-W-8, 1991 WL 71757, at *2 (W.D. Mo. Apr. 29, 1991). Here, Plaintiff is searching for messages conveying such a bias toward Mr. Torres, which is relevant to his disability and sexual orientation claims, and the request is timely. We have reason to believe that Mr. Montes used his personal cell phone to communicate with family, friends, and colleagues about Mr. Torres and this action.

*   *   *   *   *

Thank you for Your Honor's time and attention to this matter.

Respectfully submitted,

Walker G. Harman, Jr.

cc: All Counsel of Record, via ECF